The judgment of the court was pronounced by
Rost, J.
George Langley having no forced heirs, bequeathed to his executors some of his slaves in full property, and others until they attained their thir* *200 tietla year, after which they were to be emancipated, He ordered the slaves no(. disposed of, with the exception of Scipio who was not paid for, to be emancipated immediately after his death, and bequeathed to five of them all his personal estate, after payment of his just debts.
These last slaves were emancipated several years after the death of Langley, and now call on Thompson L. Bird, the acting executor, to account for the personal estate, or pay over to them the proceeds thereof.
The defendant filed an account of his administration, showing a largo balance in his favor, after absorbing all the personal estate left by the testator. But the court refused to allow any portion of it, except the items due by Langley in his lifetime and those for funeral expenses. The account thus settled left in favor of the plaintiffs a balance, for which the district court gave judgment in their favor. The defendant appealed.
We concur in the opinion of the district judge, that the account of the executor is not fairly stated, and that his conduct is obnoxious to censure. But deducting all items not properly charged, and allowing all charges authorised by the evidence, a balance in his favor, more than sufficient to absorb the personal estate, will still remain; and as there is no property but that disposed of by the will, the question is, which of the legatees are to pay the charges of administration and the counsel fees, during a litigation of seven years, carried on by the heirs at law of the testator against his executors, for the purpose of setting aside the will, and of reducing the slaves to their possession ?
The plaintiffs are legatees under an universal title, and bound as such for the debts and charges of the succession, &c. C. C. 1604, 1606. The executors are legatees under a particular title, not liable for the debts and charges, unless they are expressly made so by the will. C. C. 1379, 1380, 1393.
The district judge was of opinion that the testator intended the charges to be paid by the executors out of their legacies. There is nothing in the will to justify that inference ; and the fact that the other executor was willing to settle on that footing cannot affect the legal rights of the defendant. It has been urged that the plaintiffs had worked seven years for the defendant, and that he should be made to account for their labor. The record contains no evidence either of the rendition or of the value of the services alleged.
It is therefore ordered, that the judgment in this case be reversed; and that there be judgment in favor of the defendant, Thompson L. Bird, with costs in both courts.